IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Eric Wilford Morrison, ) | |
| ) | Civil Action No. 4:14-3672-TMC-TER |
| Plaintiff, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| vs. ) | |
| ) | |
| Warden Eric Wilson, CEO, ) | |
| Federal Correctional Complex, Low. ) | |
| Petersburg Low, Inc., ) | |
| Federal Bureau of Prisons, Inc., ) | |
| ) | |
| Defendants. ) | |
| ) | |

The plaintiff is an inmate at the Federal Correctional Complex in Petersburg, Virginia. Plaintiff primarily asserts causes of action under the Federal Tort Claims Act ("FTCA") 28 U.S.C. §§ 1346(b), 2671 et. seq., and <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), for the alleged negligence of Defendants to his medical needs. Additionally, in his initial pleading, Plaintiff alleges claims of breach of contract.

On September 18, 2014, Plaintiff filed an initial pleading entitled "Bill at Law; Breach of Contract, Third Party Breach of Contract." In his initial filing, he indicates that he believes that the Constitution generally creates a contract between the people, the States, and the United States. Additionally, he cites 18 U.S.C. Sections 4002 and 4042 which he asserts are specific contracts on which he relies. Plaintiff alleges that the Bureau of Prisons has entered into a number of contracts and/or applied for certain licenses which are being violated in the following manner as a result of overcrowding of the facilities and buildings: (1) violations of fire codes; (2) violations of HVAC codes; (3) violation of sanitation and building codes for American Disability Acts; (4) violation of

1

plumbing codes; (5) violation of specific education mandate per law regarding computer classes; (6) violation by officers of their contracts with the Bureau of Prisons by engaging in certain conduct; (7) violation of the Bureau of Prisons policy regarding Administrative policy; (8) failing to eradicate asbestos from living quarters and work areas; and (9) failing to follow or enforce protocol by contract doctors regarding prescribed medical directives.  Plaintiff suggests that he is a third party beneficiary of the various contracts/licenses he asserts and that accordingly he has the "right to assert his interest and rights under all the contracts concerned . . .includ[ing] rights to equal protection of the law as contemplated under 42 U.S.C. § 1981 and 1985."   In his initial filing, which is further elaborated on in his subsequent complaint form, the Plaintiff also alleges that while at FCI Williamsburg he received the wrong medicine to which he had an adverse reaction including severe aches and pains and slight paralysis. Plaintiff alleges "gross negligence" on the behalf of the BOP medical staff.  In his prayer for relief, the plaintiff seeks compensatory and punitive damages.

## STANDARD OF REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act.  The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008).  Even under this less stringent standard, the complaint is subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

**DISCUSSION/ANALYSIS**

With respect to medical care, a prisoner in a *Bivens*[1] action "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). In *Estelle v. Gamble*, the prisoner contended that other examinations should have been conducted by the prison's medical staff and that X-rays should have been taken. The Supreme Court in *Estelle v. Gamble* pointed out that not "every claim by a prisoner that he has not received adequate medical treatment states a violation." *Estelle v. Gamble*, 429 U.S. at 105; *cf. Whitley v. Albers*, 475 U.S. 312, 320 (1986) (a state's responsibility to attend to the medical needs of prisoners does not ordinarily clash with other equally important governmental responsibilities).

The decision of the Supreme Court of the United States in *Farmer v. Brennan*, 511 U.S. 825 (1994), does not require that process be issued in the above-captioned case because the allegations in the instant case concern at most medical malpractice or negligence. Negligent or incorrect medical treatment is not actionable under the *Bivens* doctrine. *Estelle v. Gamble*, 429 U.S. at 106.

---

[1] *In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971), the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. "*Bivens* is the case establishing, as a general proposition, that victims of a constitutional violation perpetrated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits." *Wright v. Park*, 5 F.3d 586, 589 n. 4 (1st Cir.1993), which cites, inter alia, *Carlson v. Green*, 446 U.S. 14, 18, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980) (restating *Bivens* rule). A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983: federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of state law. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814–20 & n. 30, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). *Harlow*, which is often cited for the principle of the qualified immunity of state officials for acts within the scope of their employment, was brought against a federal official. In footnote 30 of the opinion in Harlow, the Supreme Court stated that Harlow was applicable to state officials sued under 42 U.S.C. § 1983. In other words, case law involving § 1983 claims is applicable in *Bivens* actions and vice versa. *See Farmer v. Brennan*, 511 U.S. 825 (1994); *Bolin v. Story*, 225 F.3d 1234, 1241–42 (11th Cir.2000); and *Campbell v. Civil Air Patrol*, 131 F.Supp.2d 1303, 1310 n. 8 (M.D.Ala.2001) (noting that, since courts have expanded the *Bivens* remedy, usually used for a Fourth Amendment violation, to allow direct action under First and Fifth Amendments, "the court shall refer interchangeably to cases" decided under both § 1983 and Bivens ).

Negligence, in general, is not actionable under the *Bivens* doctrine. *See Daniels v. Williams*, 474 U.S. 327, 328–36 (1986); and *Davidson v. Cannon*, 474 U.S. 344, 345–48 (1986). Secondly, the *Bivens* doctrine does not impose liability for violations of duties of care arising under state law. *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 200–03 (1989). Accordingly, medical malpractice is not actionable under *Bivens*.[2]  *Estelle v. Gamble*, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). "'Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice.'" *Hoffman v. Tuten*, 446 F. Supp. 2d 455, 471 (D.S.C. 2006), quoting *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988); *see also Hudson v. McMillian*, 503 U.S. 1, 2–4 (1992) (holding that, to establish objective component of conditions-of-confinement claim, deprivation must be "extreme" and must deny "minimal civilized measure of life's necessities").

"Deliberate indifference may be demonstrated by either actual intent or reckless disregard. A defendant acts recklessly by disregarding a substantial risk of danger that is either known to the defendant or which would be apparent to a reasonable person in the defendant's position." *Miltier v. Burton*, 896 F.2d 848, 851–52 (4th Cir. 1990) (citation omitted). "It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. at 106. To prevail on an Eighth Amendment deliberate indifference claim, "a prisoner must prove two elements: (1) that objectively the deprivation of a basic human need was sufficiently serious, and (2) that subjectively the prison officials acted with a sufficiently culpable

---

[2]Additionally, Plaintiff's claims against Federal Correctional Complex, Low and Petersburg Low, Inc., which appear to refer to FCI Petersburg Low is squarely barred by Supreme Court precedent restricting liability in *Bivens* actions to individuals. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 72 (2001) (*cited by Alcala v. Edgefield Federal Prison*,  2011 WL 2746253, 2 2011).

state of mind." *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998) (internal quotation marks and citations omitted).  The first element "is satisfied by a serious medical condition," while the second element "is satisfied by showing deliberate indifference by prison officials." *Id*.  Again, the Plaintiff's allegations suggest negligent conduct, or medical malpractice, but do not rise to the level of deliberate indifference.  Accordingly, his claims for medical negligence and/or malpractice must be dismissed.[3]

Claims of negligence or malpractice, can, however, support a cause of action under the FTCA. The FTCA is a significant exception to the doctrine of sovereign immunity, which holds that the government is typically not subject to tort lawsuits. *See, e.g., Perkins v. United States*, 55 F.3d 910, 913 (4th Cir.1995) ("As sovereign, the United States enjoys immunity from suits for damages at common law."). The FTCA gives federal district courts jurisdiction "to hear civil actions against the United States for money damages for injuries caused by the negligent or wrongful acts or omissions of government employees while acting within the scope of their employment." *Id*. The FTCA does not, however, create a cause of action against individual defendants acting within the scope of government employment. Litigants must strictly comply with the requirements of the FTCA. *See* 28 U.S.C. § 2675 and *United States v. Kubrick*, 444 U.S. 111, 117-18 (1979). The cause of action created by the FTCA must be exclusively brought against the United States government. 28 U.S.C. § 2679(b) ("The remedy against the United States provided by [FTCA] ... is exclusive.");

---

[3] Additionally, to the extent the plaintiff is attempting to state a breach of contract claim, such a claim is not cognizable in a *Bivens* action. *See generally, Coastland Corp. v. County of Currituck*, 734 F.2d 175, 178 (4th Cir.1984) (holding contractual rights do not give rise to claims under 42 U.S.C. § 1983). The fact that a federal employee is allegedly a party to a contract does not mean the alleged breaches of contract are converted into a constitutional claim. *See Wilkie v. Robbins*, 551 U.S. 537, 127 S.Ct. 2588, 2602, 168 L.Ed.2d 389 (2007). *Bivens* does not create general purpose liability for federal officials. Rather, its scope is more limited. *Bivens* allows only claims based on tortious conduct against defendants sued in their individual capacity. *Norton v. United States*, 581 F.2d 390, 393 (4th Cir.1978). Accordingly, this claim should be dismissed.

see also *McGuire v. Turnbo*, 137 F.3d 321, 324 (5th Cir.1998) ("To sue successfully under the FTCA, a plaintiff must name the United States as the sole defendant."). A suit under the Federal Tort Claims Act lies only against the United States, and a federal district court lacks subject-matter jurisdiction over claims asserted against federal agencies or individual federal employees.[4] *See Sheridan v. Reidell*, 465 F. Supp. 2d 528, 531 (D.S.C. 2006). Accordingly, to the extent that Plaintiff brings a claim pursuant to the Federal Tort Claims Act, it is subject to dismissal as Plaintiff has failed to name a proper defendant.

Additionally, the Court notes that an administrative claim must first be filed with the appropriate federal agency before commencement of a civil action in a district court under the Federal Tort Claims Act. *See* 28 C.F.R. § 14.2; the Standard Form 95; and 28 U.S.C. § 2401(b) (a tort claim "shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues"). As Plaintiff's pleadings vaguely reference that he has "by administrative and tort process [ . . .] sought to resolve the matters now being put forth to this honorable court" and allege that he has "completed administrative remedy and Tort Application process on 12/15/13 and has six months to file for redress in the courts" the Court prepared and submitted Special Interrogatories to Plaintiff on November 10, 2014. The Interrogatories prepared by the Court inquired of Plaintiff what steps he had taken to exhaust available administrative remedies, including specifically whether or not he had submitted a "STANDARD FORM 95" to the appropriate federal agency against which he makes a claim of injury. If possible, Plaintiff was to attach a copy of the Standard Form 95 submitted. Plaintiff also was asked whether or not he had received a denial of his administrative claim, and to provide a copy of the same, if possible. Despite

---

[4]Additionally, there does not appear to be any other basis for jurisdiction asserted by Plaintiff, including but not limited to diversity of citizenship. See 28 U.S.C. 1332.

two extensions of time being granted,[5] Plaintiff has failed to respond to the Court's Interrogatories. Thus, it is questionable whether Plaintiff has filed an administrative tort claim with the appropriate agency. Under the FTCA, "the requirement of filing an administrative claim is jurisdictional and may not be waived." *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir.1986), which is cited in *Kokotis v. United States Postal Service*, 223 F.3d 275, 278 (4th Cir. 2000). When the United States has denied an administrative claim filed under the FTCA, a claimant has six months to bring suit in a federal district court. 28 U.S.C. § 2401(b). Since the Complaint does establish that Plaintiff has submitted a Standard Form 95 to the appropriate agency and Plaintiff has failed to provided any information with regards to exhaustion in response to the Court's Interrogatories, it appears that Plaintiff may not have exhausted his federal administrative remedies.

Finally, as to Plaintiff's contract claims, these must be summarily dismissed. Rule 8(a) (2) of the Federal Rules of Civil Procedure provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although the court must liberally construe a pro se complaint, the Unites States Supreme Court has made clear that a plaintiff

---

[5]Plaintiff has requested a third extension of time, which the Court concludes should be denied. The Court's Interrogatories were sent to Plaintiff on November 10, 2014. He was to respond by December 4, 2014. By correspondence dated November 28, 2014, but not received by the Court until December 8, 2014, Plaintiff requested an extension of time to respond to the Court's Interrogatories. The Court granted an extension and gave Plaintiff a thirty day extension until January 5, 2015 from the original due date of December 4, 2014. Again, no response was received from Plaintiff within the time allowed. By correspondence dated January 3, 2015, but not received by the Court until January 9, 2015, Plaintiff requested a second extension of time. The Court granted an extension and gave Plaintiff until February 5, 2015 to respond. By correspondence dated February 3, 2015, and received by the Court on February 12, 2015, Plaintiff requested a third extension of time, which the Court denies. Although Plaintiff's requested extensions are based on his attempts to obtain copies of "the papers this Court has requested" there is nothing to indicate that Plaintiff could not have provided his personal responses to the Court's Interrogatories within the time periods allotted, even if additional documentation was not available. Again, as noted above, to the extent that Plaintiff brings a claim pursuant to the Federal Tort Claims Act, it is recommended for summary dismissal as Plaintiff has failed to name a proper defendant.

must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Iqbal*, 556 U.S. at 678–79; *Twombly*, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 679; *Twombly*, 550 U.S. at 555.

In reviewing Plaintiff's purported contract claims, the Court has considered basic contract law. The necessary elements of a contract are offer, acceptance, and valuable consideration. *Sauner v. Pub. Serv. Auth. of S.C.*, 354 S.C. 397, 406, 581 S.E.2d 161, 166 (2003). Valuable consideration may consist of " some right, interest, profit or benefit accruing to one party or some forbearance, detriment, loss or responsibility given, suffered or undertaken by the other." *Prestwick Golf Club, Inc. v. Prestwick Ltd. P'ship*, 331 S.C. 385, 389, 503 S.E.2d 184, 186 (Ct.App.1998). With certain exceptions, a contract need not be in writing to be enforceable. *Gaskins v. Firemen's Ins. Co. of Newark, N. J.*, 206 S.C. 213, 216, 33 S.E.2d 498, 499 (1945) (noting that if there is a meeting of the minds with regard to the essential elements of a contract, it is immaterial whether the contract is written or oral). To recover for a breach of contract, the plaintiff must prove: (1) a binding contract; (2) a breach of contract; and (3) damages proximately resulting from the breach. *Fuller v. E. Fire & Cas. Ins. Co.*, 240 S.C. 75, 89, 124 S.E.2d 602, 610 (1962).

Generally, one not in privity of contract with another cannot maintain an action against him in breach of contract, and any damage resulting from the breach of a contract between the defendant and a third party is not, as such, recoverable by the plaintiff. *R.F. Burton Co. v. Southern Marine Associates, Inc.*, 130 Ga.App. 111, 202 S.E.2d 544 (1973). Accord De Vore v. W.S. Barstow & Co., 166 S.C. 298, 164 S.E. 842 (1932); *McBride v. Floyd*, 18 S.C.L. (2 Bailey) 209 (1831). However,

8

if a contract is made for the benefit of a third person, that person may enforce the contract if the contracting parties intended to create a direct, rather than an incidental or consequential, benefit to such third person. *Cothran v. Rock Hill*, 211 S.C. 17, 43 S.E.2d 615 (1947). After careful review and consideration, this Court cannot find that Plaintiff has shown that he is a party to any contract, nor that he is a third party beneficiary to any contract alleged. Accordingly, the Court finds that these claims should be dismissed.

## **RECOMMENDATION**

Based on the foregoing, it is recommended that the district court summarily dismiss the above-captioned case *without prejudice* and without service of process.

>                              s/ Thomas E. Rogers, III
>                              Thomas E. Rogers, III
>                              United States Magistrate Judge

February 27, 2015
Florence, South Carolina

**The plaintiff's attention is directed to the Notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court**
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).