IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Eric Wilford Morrison, | ) | |
| | ) | C.A. No. 4:14-3672-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden Eric Wilson, CEO, | ) | |
| Federal Correctional Complex, Low, | ) | |
| Petersburg Low, Inc., | ) | |
| Federal Bureau of Prisons, Inc., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, a federal prisoner proceeding pro se, filed this civil action pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680, and *Bivens v. Six Unknown Name Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).   In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court summarily dismiss Plaintiff's case without prejudice and without service of process. Plaintiff was advised of his right to file objections to the Report.   (ECF No. 32 at 10).   Rather than filing specific objections, on March 4, 2015, Plaintiff filed a "Notice to the Court" and attached several documents.   (ECF No. 34).[1]

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court.   *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).   In the absence of objections, this court is not required to provide an explanation for adopting the

---

[1] Plaintiff also subsequently filed a letter to the court explaining that he had mailed documents to the Clerk of Court's Columbia address, rather than the Florence address, and asking the clerk to forward those documents to Florence. (ECF No. 39). Although Plaintiff was directed to respond to a Florence address, the documents he sent to Columbia were docketed in this case , and the court has reviewed them. (ECF No. 34).

Report.  *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).  Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Reviewing the documents Plaintiff has submitted, it appears Plaintiff may have exhausted his administrative remedies for his claims brought pursuant to the Federal Torts Claims Act. However, as the magistrate judge noted (Report at 7 n.5), Plaintiff has failed to name a proper defendant, and Plaintiff has not addressed this issue in his filings. Moreover, Plaintiff has not objected to, or otherwise addressed, any of the other recommendations made by the magistrate in his Report.

After a thorough review of the Report and the record in this case, the court adopts the Magistrate Judge's Report (ECF No. 32) and incorporates it into this order.  It is therefore **ORDERED** that Plaintiff's case is **DISMISSED** without prejudice and without service of process.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
April 6, 2015

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.